UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FELICIA F. DANGELL,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration[1],

Defendant.

CASE NO. 12-cv-5345-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter has been fully briefed (*see* ECF Nos. 13, 18, 19).

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

ORDER ON PLAINTIFF'S COMPLAINT - 1

After considering and reviewing the record, the Court finds that the ALJ erred when reviewing the medical evidence. Although the ALJ found that the record did not support a finding that plaintiff's loss of forty pounds in the prior year was involuntary, this finding by the ALJ is not supported by substantial evidence in the record as a whole. Similarly, the ALJ erred by rejecting significant probative evidence when finding that plaintiff's irritable bowel syndrome ("IBS") and gastroparesis were not severe impairments.

Therefore, this matter shall be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative consideration.

### BACKGROUND

Plaintiff, FELICIA F. DANGELL, was born in 1973 and was thirty-five years old on her alleged date of disability onset of November 1, 2008 (*see* Tr. 148). She graduated from high school, and obtained twelve credits from Olympia College in early childhood education (Tr. 41). Plaintiff has past relevant work experience as a child care provider beginning in 1995 (*id.*). She also worked at a casino for several years as a receptionist/administrative assistant (*id.*).

### PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability and disability insurance benefits ("DIB") and for supplemental security income ("SSI") in November,

2008 (*see* Tr. 14, 148-56). Her applications were denied initially and following reconsideration (*see* Tr. 78-84, 86-104). Plaintiff's requested hearing was held before Administrative Law Judge M.J. Adams ("the ALJ") on October 5, 2010 (*see* Tr. 33-68). On November 18, 2010, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 11-32).

On March 12, 2012, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). *See* 20 C.F.R. § 404.981. In April, 2012, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on August 15, 2012 (*see* ECF Nos. 10, 11). In her Opening Brief, plaintiff contends that: (1) the ALJ erred when making his step two determination regarding her impairments of gastroparesis and irritable bowel syndrome; (2) when making his determination regarding her credibility; and (3) when failing to credit fully the lay evidence (*see* ECF No. 13, pp. 1-2).

STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical

or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir.

2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

DISCUSSION

1. **The ALJ erred in his step two finding that plaintiff did not suffer from the severe impairments of IBS and gastroparesis**.

Plaintiff complains that although the ALJ found that she had the severe impairments of Sjogren's syndrome, fibromyalgia, Raynaud's phenomenon and left

carpal tunnel syndrome, the ALJ erred by failing to find that her irritable bowel syndrome ("IBS") and her gastroparesis were severe impairments (*see* Tr. 16-17). Defendant argues that any error in step two was harmless as the five-step sequential disability evaluation process continued beyond step two and because the ALJ properly considered plaintiff's limitations from her IBS and gastroparesis even if he did err in failing to find that they were severe impairments. According to defendant, because the ALJ said that he considered all of the relevant symptoms, this Court should find that he did so, even if he failed to provide any evidence of such proper consideration in his written decision. This, the Court declines to do.

Step-two of the administration's evaluation process requires the ALJ to determine whether or not the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an

individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)). The step-two analysis is "a *de minimis* screening device to dispose of groundless claims." *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)).

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (*citing* SSR 96-7p); *see also Slayman v. Astrue*, 2009 U.S. Dist. LEXIS 125323 at *33-*34 (W.D. Wa. 2009) (unpublished opinion). If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Bowen, supra*, 482 U.S. at 146. Plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505(a), 404.1512, 416.905, 416.1453(a), 416.912(a); *Bowen, supra*, 482 U.S. at 146; *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). It is the claimant's burden to "'furnish[] such medical and other evidence of the existence thereof

as the Secretary may require.'" *Bowen, supra*, 482 U.S. at 146 (*quoting* 42 U.S.C. § 423(d)(5)(A)) (*citing Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)); *see also McCullen v. Apfel*, 2000 U.S. Dist. LEXIS 19994 at *21 (E.D. Penn. 2000) (*citing* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.1505, 404.1520).

The ALJ concluded that although plaintiff had "been diagnosed with several digestive impairments, the objective medical evidence does not support that the claimant has a digestive disorder which resulted in significant vocational limitations for a twelve month duration and thus no severe digestive impairments are found" (*see* Tr. 18). It is unclear from the ALJ's decision whether he determined that plaintiff's digestive impairments were not sufficiently severe in duration, or in the level of functional limitation caused thereby (*see* Tr. 18). However, significant probative evidence to the contrary of both of the ALJ's potential reasons was not discussed by the ALJ, requiring that this matter be evaluated anew.

Regarding duration of plaintiff's IBS and gastroparesis, other than noting plaintiff's cholecystectomy in 2004, the ALJ began his discussion regarding plaintiff's gastrointestinal complaints by noting that she was found to have papillary stenosis and gastritis on August 17, 2009 (*see id.*). However, the ALJ failed to discuss the significant probative evidence that plaintiff was treated by Dr. Marvin Valrey, M.D. in the emergency room on November 23, 2008 for abdominal pain that had been ongoing for two months and had worsened in the previous two days (*see* Tr. 294-95). Dr. Valrey diagnosed acute abdominal pain and indicated that a CT scan revealing gastric distention and a stomach full of contrast suggested that plaintiff may be suffering from "gastric

delayed emptying" (*id.*). According to the A.D.A.M. medical encyclopedia, available on a website of the National Institute of Health (NIH), gastroparesis is "delayed gastric emptying." *See* http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001342/ (last visited February 25, 2013).

Because the ALJ's reasoning for his unfavorable finding at step two regarding digestive impairments was ambiguous and may have depended on a lack of awareness of this November 23, 2008 emergency room treatment record, this Court concludes that this matter be reversed and remanded for further consideration. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (the Commissioner "may not reject 'significant probative evidence' without explanation") (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). Here, the ALJ's decision should have indicated reasons for disregarding this evidence. *See Flores, supra*, 49 F.3d at 571. The lack of a discussion of this earlier evidence suggests that the ALJ was not aware of any relevant information in the treatment record until August 17, 2009, as this is the earliest information that he discussed.

In addition, the ALJ noted that plaintiff's loss of forty pounds in one year to 132 pounds put plaintiff's body mass index ("BMI") into the normal range, as she was five feet, four inches tall (*see* Tr. 18). *See also* http://www.nhlbisupport.com/bmi/ (last visited February 25, 2013).  In finding that plaintiff's IBS and gastroparesis were not severe impairments, the ALJ explicitly relied on his additional finding that "the record does not support that the claimant's weight loss was involuntary" (*see* Tr. 18). Not only is this finding not based on substantial evidence in the record as a whole, but also, the ALJ

failed to discuss significant, probative evidence prior to making this finding, as discussed further below.

On June 19, 2009, plaintiff returned to Dr. Donald Stevens, M.D. with abdominal pain after having a CT scan (*see* Tr. 466). Dr. Stevens noted that plaintiff had a lot of stool in her left colon, and diagnosed her with abdominal pain and irritable bowel syndrome (*see id.*). With respect to this treatment record, the ALJ noted only that plaintiff had been diagnosed with irritable bowel syndrome (*see* Tr. 18).

Similarly, plaintiff underwent a gastric emptying study on December 21, 2009 (*see* Tr. 499). Dr. Bradley D. Brown, M.D. assessed that plaintiff was suffering from "[d]elayed solid gastric emptying" (*see id.*). Dr. Brown assessed that there was a "somewhat prolonged lag phase with only 30 percent radiotrace emptied from the stomach at 90 minutes" (*id.*). Subsequently, on January 5, 2010, Dr. Yuen San Yee, M.D., diagnosed plaintiff with gastroparesis (*see* Tr. 487).

The ALJ's only reference to any of this objective medical evidence appears to be the notation that "In March 2010, a provider found that she had postprandial abdominal discomfort consistent with gastroparesis which was confirmed on recent gastric emptying study" (*see* Tr. 18 (*citing* Exhibit 21F-2, *i.e.*, Tr. 485)). The page cited by the ALJ, however, concerns plaintiff's colonoscopy, performed on July 29, 2010 due to plaintiff's "erratic bowel habits" (*see id.*).

The ALJ likewise failed to take note of plaintiff's treatment record from Dr. Yee on December 1, 2009, in which it was indicated that plaintiff was having "progressive weight loss;" was "still not able to maintain her weight;" and had lost four pounds (*see*

Tr. 490). Similarly, on January 28, 2010, plaintiff's treatment record indicates that plaintiff "was evaluated by Dr. Yee for weight loss," as well as throat symptoms, and that plaintiff "continue[d] to lose weight due to loss of appetite" (*see* Tr. 512). This information does not appear to have been noticed by the ALJ.

Without accommodation or explicit rejection of this evidence, the finding that plaintiff's loss of forty pounds in a year was not involuntary cannot be upheld. *See Flores*, *supra*, 49 F.3d at 570-71 (the Commissioner "may not reject 'significant probative evidence' without explanation") (*quoting Vincent*, *supra*, 739 F.2d at 1395 (*quoting Cotter*, *supra*, 642 F.2d at 706-07)).

As the ALJ's finding regarding the severity of plaintiff's digestive impairments explicitly depended on his finding regarding her 'voluntary' weight loss of forty pounds in a year, another error exists in the ALJ's written decision requiring that the ALJ's step two determination be reversed. As noted already, the Court declines to find that the ALJ's errors are harmless.

The page cited by the ALJ as the gastric emptying study confirming plaintiff's gastroparesis actually is plaintiff's Colonoscopy Report from July 29, 2010 (*see* Tr. 485). This report indicates that plaintiff was complaining of "erratic bowel habits" as well as other symptoms (*see id.*). This information helps to demonstrate the harmfulness of the ALJ's errors discussed herein (*see id.*).

The ALJ presented two hypothetical situations to the vocational expert at plaintiff's administrative hearing (*see* Tr. 62-65). In the first hypothetical, the ALJ provided a description of a hypothetical person with a residual functional capacity

("RFC") identical in relevant respects to plaintiff's RFC in the ALJ's written decision (*see* Tr. 22, 62-64). The vocational expert testified that such an individual would be able to perform plaintiff's past relevant work as a childcare provider and as a casino supervisor/manager/receptionist; and subsequently, the ALJ relied on this testimony by the vocational expert when he concluded in his written decision that plaintiff was able to perform her past relevant work and therefore was not disabled (*see* Tr. 25-26, 62-64). In the second hypothetical, the ALJ asked the vocational expert to assess additionally whether or not the hypothesized individual would be able to perform the past relevant work if there were issues with respect to the individual's dependability to attend the work site "as a consequence of flair-up symptoms such that the person would probably on an unpredictable, sporadic basis miss work as much as four to eight hours out of a 40-hour work week" (*see* Tr. 64). The vocational expert indicated that such a limitation would preclude the individual from performing the past relevant work (*see* Tr. 64). The vocational expert testified that the past relevant work of plaintiff likewise would be precluded if the hypothetical individual required unscheduled breaks as frequently as every 45 minutes for five minutes or so, "even if it's just a restroom break" (*see* Tr. 66; *see also* Tr. 64). The Court noted already that plaintiff's colonoscopy was performed, in part, due to her "erratic bowel habits" (*see* Tr. 485). The Court also notes plaintiff's testimony that her gastrointestinal complaints caused her much pain and that she had approximately two days out of a week where she was unable to get out of bed due to her various sources of pain (Tr. 46, 60).

Therefore, for the reasons discussed, and based on the relevant record, the Court concludes that the ALJ's error in failing to find that plaintiff suffered from any severe gastrointestinal impairments, including her diagnosed IBS and gastroparesis, was not a harmless error. Although the ALJ indicated that he considered all of plaintiff's symptoms when he evaluated plaintiff's applications and determined her RFC, his written decision demonstrates that these impairments were not considered properly.

2. **Plaintiff's allegations and credibility must be assessed anew**.

A determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). This Court already has determined that the ALJ erred in his review of the medical evidence, *see supra*, section 1. Therefore, plaintiff's allegations and credibility must be assessed anew following remand of this matter. In addition, although other reasons were provided by the ALJ for his credibility analysis, the Court also notes that the ALJ did not elucidate properly his reliance on plaintiff's activities of daily living with respect to his conclusions regarding her credibility.

Regarding activities of daily living, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's

other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, if the ALJ assigned to this matter following remand relies on plaintiff's activities of daily living when assessing her credibility, the ALJ must make explicit findings as to the transferability to a work setting, or, as to what particular allegation or testimony of plaintiff is contradicted by such activities. *See id.*

3. **The lay evidence provided by plaintiff's husband and mother should be evaluated anew following remand of this matter**.

The ALJ explicitly relied on "the objective medical evidence in the record," and his finding that it was not consistent with the severity of limitation as opined by plaintiff's mother and husband, when failing to credit fully their lay opinion evidence (*see* Tr. 24). As this Court already has determined that this matter must be reversed for errors in the evaluation of the medical evidence, *see supra*, section 1, the lay evidence should be evaluated anew following remand of this matter.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," *see* 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members,

who are defined as "other non-medical sources," *see* 20 C.F.R. § 404.1513 (d)(4), and "other sources" such as nurse practitioners and chiropractors, who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d)(1). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner, supra*, 613 F.3d at 1224 (*citing Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

Relevant to this particular matter before the Court, testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009). In addition, according to the Ninth Circuit, absent "evidence that a specific [lay witness] exaggerated a claimant's symptoms *in order* to get access to his disability benefits," an ALJ may not reject that witnesses' testimony with a general finding that the witness is "an 'interested party' in the abstract."

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 26th day of February, 2013.

J. Richard Creatura
United States Magistrate Judge